IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01561–KMT

ROSE MCBRIDE,

    Plaintiff,

v.

CAROLYN W. COLVIN, Commissioner, Social Security Administration,

    Defendant.

---

## ORDER

---

This case comes before the Court on review of the Commissioner's denial of Plaintiff-Claimant Rose McBride's application for Supplemental Security Income ("SSI") pursuant to Title XVI of the Social Security Act ("the Act"). Jurisdiction is proper under 42 U.S.C. § 405(g).

### PROCEDURAL BACKGROUND

In January of 2010, Claimant applied for SSI benefits, alleging that she had been disabled by chronic obstructive pulmonary disease ("COPD"), depression, anxiety, and panic disorder since June 1, 2009. (Doc. No. 10, Social Security Administrative Record ["AR"], at 175, 202.) She later added a fractured shoulder to this list, which she broke shortly after she filed her initial SSI application. (*See id.* at 37 [discussing her shoulder injury at her hearing], 241 [documenting fracture in February of 2010].) The Commissioner denied her application. (*Id.* at 15, 61.) Claimant requested a hearing. (*See id.* at 15 [discussing Claimant's request, withdraw, and re-

request for a hearing].) At the hearing, the Administrative Law Judge ("ALJ") asked the claimant a few questions about her impairments and the limitations associated with those impairments. (*See id.* 32–45.) Claimant was not represented by counsel. (*Id.* at 32.) After the hearing, the ALJ announced in a written decision his determination that Claimant was not disabled within the meaning of section 1614(a)(3)(A) of the Act. (*Id.* at 15–24.) The Appeals Council denied Claimant's request for review (*id.* at 5), making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. *See* 20 C.F.R. §§ 404.981, 422.210(a). Claimant timely sought review by the Court.

## STATUTORY AND REGULATORY BACKGROUND

Title XVI of the Act awards Social Security benefits to claimants who meet certain eligibility requirements. 42 U.S.C. §§ 423, 1382. To receive SSI, a claimant must be disabled. 42 U.S.C. § 1382(a). The Commissioner has established a five-step sequential process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who works is not disabled, regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe" impairment significantly limits the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or "equals" in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, then the ALJ must determine whether the claimant can still perform any past work despite his or her limitations.

5. If the claimant no longer retains the ability to perform past work, then the ALJ must decide whether the claimant can perform any other substantial gainful work in the national economy despite the claimant's limitations.

*See* 20 C.F.R. § 404.1520(a)(4)(i)–(v); *Williams v. Bowen,* 844 F.2d 748, 750–52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). After that, the burden shifts to the Commissioner to prove that, despite the claimant's impairments, he or she is still capable of performing substantial, gainful work in the national economy. *Id.* If at any point the Commissioner conclusively finds that the claimant is or is not disabled during the five-step review process, the analysis ends. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

## STANDARD OF REVIEW

Review of the Commissioner's disability decision by this court is limited to determining whether the ALJ applied the correct legal standard, whether the decision is supported by substantial evidence, and whether the decision comports with the relevant regulations and caselaw. *Hamilton v. Sec'y of Health and Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990); *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). An ALJ's failure to apply the correct legal standard constitutes an independent and sufficient basis for the Court to reverse the ALJ's decision. *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). Likewise, an ALJ's failure to supply the Court with a sufficient basis to determine that the ALJ followed appropriate legal principles is also grounds for reversal. *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (quoting *Smith v. Heckler*, 707 F.2d 1284 (11th Cir.1983)).

**ANALYSIS**

Claimant alleges legal error by the ALJ and seeks remand. (*See* Doc. No. 21 [Reply Br.] at 2–3, filed Jan. 7, 2015.) Claimant alleges the ALJ erred in four ways. First, that the ALJ's written decision contains insufficient explanation for why he excluded from Claimant's Residual Functional Capacity ("RFC") assessment several functional limitations that he had already acknowledged and accepted earlier in his written decision. (*See id.* at 3–10.) Second, that the ALJ failed to conduct a "function-by-function" analysis when determining Claimant's RFC. (*Id.* at 10–12.) Third, that the ALJ insufficiently explained why he did not find Claimant's testimony credible. (*Id.* at 12–15.) And fourth, that the ALJ failed to properly develop the administrative record. (*Id.* at 15–22.) Claimant does not dispute that the ALJ's decision may be supported by substantial evidence. (*See id.* at 2–3.) This court therefore limits its review to the legal sufficiency of the ALJ's actions.

1. **Inconsistencies in the ALJ's RFC Analysis**

Claimant believes the ALJ's RFC analysis is flawed in several ways. In Claimant's first allegation of error, Claimant argues that the ALJ's RFC findings are not only inconsistent, but lack the explanation necessary to justify those inconsistencies. (*See id.* at 3–10.)

Before completing step four of the disability determination, the ALJ must assess the claimant's RFC. The claimant's RFC is the most the claimant can do in a work setting on a regular and continuing basis despite the limitations imposed by his or her impairments. SSR 96-8p, 1996 WL 374184 at *1, 3.[1] When determining the claimant's RFC, the adjudicator must

---

[1] An "SSR" is a Social Security Administration ruling. These rulings, which are final opinions and orders published under the authority of the Commissioner of Social Security, are binding on "all components of the Social Security Administration." 20 C.F.R. § 402.35(b)(1).

consider all the relevant evidence and all of the claimant's medically determinable impairments. *Id.* at *2. Then, in the ALJ's written decision, the ALJ must explain how the evidence supports each of his or her conclusions. *Id.* at *7. As part of that explanation, the ALJ must "cite specific medical facts and nonmedical evidence and explain how any material inconsistencies or ambiguities in the case record were considered and resolved." *Id.*

Here, the ALJ's RFC excluded, without any explanation, a ten-pound lifting limitation and certain mental limitations that the ALJ had acknowledged and accepted earlier in the written decision. (*See* Reply Br. at 6–12; Resp. Br. at 10, 13 [acknowledging Dr. Morton's findings and, at page thirteen, conceding that "the ALJ did not explicitly explain why he rejected Dr. Finch's more extreme lifting limitations"], filed Dec. 12, 2014.) First, the ALJ's RFC assessment stated that Claimant could lift twenty pounds despite the ALJ having found credible Dr. Finch's opinion that Claimant could lift only ten pounds. (*Compare* AR at 20 [finding that Claimant could perform "light work"[2]] *with* AR at 19 ["Dr. Finch's upper extremity restrictions are accepted and given significant weight as they are supported by his examination findings."].) Second, the ALJ's RFC assessment excluded Dr. Morton's recommended mental limitations even though the ALJ had already acknowledged and accepted those limitations earlier in the written decision. (*Compare* AR at 20 [failing to include any mental impairments in RFC] *with* AR at 19 [discussing mental impairments observed by Dr. Morton and then assigning Dr. Morton's opinion "significant" weight].)

The court agrees with Claimant that, even if there is substantive evidence to support the ALJ's conclusions, the ALJ's failure to explain the RFC's exclusion of the ten-pound limitation

---

[2] A person is capable of light work if, among other things, the person is able to lift twenty pounds. 20 C.F.R. § 416.967(b).

and the mental limitations is reversible error.  Had the ALJ found Dr. Finch's ten-pound lifting limitation not credible, excluding that limitation from the RFC might not have been problematic.  But here, the ALJ did find Dr. Finch's opinion about that limitation to be credible.  The same can be said of the mental limitations that the ALJ inexplicably excluded from Claimant's RFC.  It would be one thing if the ALJ had found Dr. Morton's recommendations about Claimant's mental limitations not credible.  But the ALJ did find Dr. Morton's recommendations credible, and expressly said so.  Having found Dr. Finch's recommended ten-pound lifting limitation and Dr. Morton's recommended mental limitations credible, the ALJ was therefore required to explain why the RFC assessment excluded these limitations.[3]  *See Reveteriano v. Astrue*, 490 F. App'x 945, 947 (10th Cir. 2012) ("[T]o the extent there are differences of opinion among the medical sources, the ALJ must explain the basis for adopting one and rejecting another, with reference to the factors governing the evaluation of medical-source opinions set out in 20 C.F.R. §§ 404.1527(d)–(f), § 416.927(d)–(f)."); SSR 96-8p, 1996 WL 374184, at *1, 3, 7 (requiring the ALJ to consider all the relevant evidence and all of the claimant's medically determinable impairments in the RFC analysis, and cite "specific medical facts . . . and nonmedical evidence" and "explain how any material inconsistencies or ambiguities in the case record were considered and resolved").  Offering no explanation for such contradictions deprives the Court and the claimant of the information necessary to determine the legal sufficiency of his actions, which is itself reversible error.  *See Byron*, 742 F.2d at 1235.

---

[3] The defendant offers some potential explanations for these exclusions (*see generally* Resp. Br.), but the proper place for explanation was in the ALJ's written decision, not in the defendant's brief or in this court's Order.  The Court is not permitted to accept or invent post-hoc rationales to justify the ALJ's seemingly arbitrary choices.  *See Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (citations omitted).

Having determined that the ALJ committed reversible error, the court need not address Claimant's remaining allegations because the issues raised in those allegations may be resolved by reconsideration and rehearing.

Accordingly, it is

**ORDERED** that the Commissioner's decision is **REVERSED** and this case is **REMANDED** to the Commissioner. It is further

**ORDERED** that Plaintiff is awarded costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated this 19th day of August, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge